**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

_____

| | |
|---|---|
| NATIONAL FIRE INSURANCE ) | |
| COMPANY OF HARTFORD a/s/o ) | CIVIL ACTION |
| SOUTH GEORGIA PECAN CO., INC., ) | |
| ) | FILE NO: 7:05-CV-31 (HL) |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| THE GENLYTE GROUP, INC., and ) | |
| GENLYTE THOMAS GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

_____

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiff, National Fire Insurance Company of Hartford a/s/o South Georgia Pecan Co., Inc., and Defendants, The Genlyte Group, Inc., and Genlyte Thomas Group, LLC, are parties to the above-captioned case (the "Action") pending in the United States District Court for the Middle District, Valdosta Division of State of Georgia; and

WHEREAS, the parties anticipate producing in the Action certain documents and other information that they believe may consist of or contain trade secrets or other confidential research, development, or commercial information, including but not limited to: sensitive financial data, technical information, proprietary or nonpublic commercial information, information involving privacy interests, sensitive information involving transportation security, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis;

1

WHEREAS, the parties believe that good cause exists for discovery in the Action to be conducted under a Protective Order pursuant to Federal Rule Civil Procedure 26; and

WHEREAS, the parties wish for this Consent Protective Order to supersede and take the place of all previously executed Protective Orders governing these issues;

IT IS HEREBY STIPULATED AND AGREED by the undersigned that:

1. This Consent Protective Order governs the production and handling of confidential information contained in documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, and other written, recorded graphic matter (collectively, "discovery material") produced by any person ("disclosing person"), including parties and non-parties, the parties' attorneys of record, and those attorneys' employees, consultants, expert witnesses and agents, during the proceedings in this Action.

2. A disclosing person may designate as "CONFIDENTIAL" any discovery material that the disclosing person reasonably and in good faith believes contains or discloses confidential research, development, or commercial information, including but not limited to: sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis that is entitled to protection pursuant to Federal Rule of Civil Procedure 26.  Discovery material may be so designated by stamping "CONFIDENTIAL" on each such document (stamping the first page of a multi-page document shall be a sufficient designation) or by using such other procedures as may be agreed upon in writing by the parties. If the requesting party reasonably and in good faith believes some portion of a document is not confidential, upon

written request, the disclosing party will designate in a clear and distinct manner (such as underlining in a contrasting color) those portions of the document containing CONFIDENTIAL information.

3. Any party or its respective officers, agents, servants, employees, subsidiaries, attorneys, experts or consultants may, on the record of a deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of oral testimony as CONFIDENTIAL if such party or its respective officers, agents, servants, employees, subsidiaries, attorneys, experts or consultants reasonably and in good faith believes the criteria for such designations set forth in Paragraph 2 is satisfied. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL information shall be made if requested by the designating party. The costs of any separate transcript shall be borne by the party or witness making such designation. All oral testimony shall be treated as CONFIDENTIAL and subject to this Consent order until thirty (30) days after receipt of the transcript of said deposition by all parties. The failure of a party to designate a portion of a deposition transcript as CONFIDENTIAL within the thirty (30) day period subsequent to the receipt of the deposition transcript shall result in the entire deposition transcript or those portions not so designated not being subject to this Protective Order. When CONFIDENTIAL information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make a good faith effort to notify counsel for the designating party that they intend to offer such information and shall designate what information they shall offer. Counsel for the offering party shall then make

arrangements or request the Court to make arrangements to ensure that only persons entitled to CONFIDENTIAL information are present.

4. For purposes of producing original files, records and other documents or material for inspection, the disclosing person may elect to refrain from designating specific documents CONFIDENTIAL until after the inspecting party or parties have selected specific documents and/or materials for copying. In such event, the disclosing person shall inform all parties in writing prior to producing the documents or material for production that all such documents and material should be considered CONFIDENTIAL for the purposes of the inspection. Thereafter, upon selection of specified documents and material for copying by the inspecting party but before the production of such copies, the producing personal shall designate any CONFIDENTIAL discovery material thus produced in conformance with Paragraph 2 herein.

5. All responses to written discovery requests which contain information considered to be CONFIDENTIAL shall be designated as; CONFIDENTIAL in accordance with Paragraph 2 herein, and shall contain the appropriate written notice upon service thereof.

6. A disclosing person may withhold from discovery material information that it considers to be CONFIDENTIAL but not likely to lead to admissible evidence. Any discovery material so withheld shall be documented in a privilege log to be provided to opposing counsel within ten (10) days of the subject information being withheld.

7. Except as agreed by the disclosing; person or as otherwise provided herein, information designated as CONFIDENTIAL shall be maintained in confidence by the party or parties to whom it is produced and not disclosed by such party or parties except to

persons entitled to access thereto pursuant to Paragraph 8 below.  In no circumstance shall information designated as CONFIDENTIAL be disclosed to any lawyer who is not counsel to a party in this Action.  Except as permitted by paragraph 8, in no circumstance shall information designated as CONFIDENTIAL be disclosed to any person other than a person who has signed an affidavit in the form of Exhibit A.

8. Discovery material and information designated as CONFIDENTIAL by the parties or a non-party shall be disclosed only to the following persons:

(a) The following counsel of record and the lawyers and non-lawyer employees, clients (in this matter only and specifically including South Georgia Pecan Co., Inc.), and experts retained for this matter of the following firms:

Plaintiffs:

    William P. Langdale, III, Esquire
    Langdale & Vallotton, LLP
    1007 North Patterson Street
    P.O. Box 1547
    Valdosta, GA 31603
    Phone: (229) 244-5400
    Fax:  (229) 244-0453
    Georgia Bar No. 435910

Of Counsel:

    Kevin P. Smith, Esquire
    Daniel Hogan, Esquire
    Law Offices of Robert A. Stutman, P.C.
    501 Office Center Drive, Suite 300
    Ft. Washington, PA 19034
    Phone: (215) 283-1177
    Fax:  (215) 283-1188
    Admitted Pro Hac Vice

<u>Defendants:</u>

    Warner S. Fox, Esquire
    Michael J. Goldman, Esquire
    C. Shane Keith, Esquire
    Hawkins & Parnell, LLP
    4000 SunTrust Plaza
    303 Peachtree Street, N.E.
    Atlanta, Georgia 30308-3243
    Phone: (404) 614-7400
    Fax:  (404) 614-7500
    Georgia Bar No. 272654 (Warner S. Fox)
    Georgia Bar No. 300100 (Michael J. Goldman)
    Georgia Bar No. 411317 (C. Shane Keith)

    (b)    Expert or Consultant: Any person, including employees of a party, used or retained by Counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of the Action.  In the event disclosure is made to any expert or consultant, such expert or consultant must read this Protective Order in advance of disclosure and agree in writing to be bound by its terms by executing an affidavit in the form of Exhibit A.

    (c)    The Court and its personnel or any other court having jurisdiction over discovery procedures in this Action;

    (d)    Any court reporter or typist recording or transcribing testimony in the Action and any outside independent reproduction firm;

    (e)    In-house counsel for a party;

    (f)    Any person whose deposition is taken by any party, so long as such disclosure is made in connection with the preparation far or during the course of the position and subject to the limitations of Paragraph 3 above and provided the deponent signs an affidavit in the form of Exhibit A; and Any person employed by a

party or employed by any affiliate company of a party who signs the affidavit in the form of Exhibit A.

9. Any documents, material or information designated CONFIDENTIAL provided pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed and shall not be disclosed to any person who is not entitled to receive such information as provided herein. The recipient of any documents, material or information designated CONFIDENTIAL provided pursuant to this Protective Order shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such document, material or information.

10 Unless otherwise ordered by the Court, or agreed to by the disclosing person, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto containing, paraphrasing or summarizing discovery material designated CONFIDENTIAL hereafter filed with the Court shall be filed with the Court in a sealed envelope or other suitable container with a cover label bearing the caption of the Action, the title of the document, and a statement substantially in the following form:

**"TO BE FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF GEORGIA; VALDOSTA DIVISION"**

This envelope contains CONFIDENTIAL, material encompassed by a CONSENT PROTECTIVE ORDER, and is not to be opened nor the contents thereof displayed or revealed except by Order of this Court."

11. After a document has been designated as CONFIDENTIAL, any party may serve a written notice upon the disclosing party challenging the entitlement of that document to confidentiality under this Protective Order. Within ten (10) days of receipt of such a written notice, the disclosing party and the party requesting disclosure shall meet and attempt to resolve the applicability of this Order to the challenged document(s). If the parties are unable to agree as to whether the document at issue is properly designated as confidential, any party to this Action shall have fifteen (15) days after the meeting, of counsel within which to request a hearing with the Court. Pending a ruling from the Court, the disclosing party's original designation shall control.

12. Except to the extent expressly authorized in this Protective Order or further order of the Court., no document, material or information produced in this proceeding shall be used or disclosed for any purpose other than the preparation. and trial of this matter, any appeal therefrom, and/or an ancillary proceedings in this case.

13. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the opposing; part(ies) at least five (5) business days in advance of production or disclosure of the CONFIDENTIAL discovery material or information to the third party pursuant to such. subpoena.

14. Nothing in this Protective Order shall restrict use or disclosure of discovery material designated CONFIDENTIAL by the disclosing person.

15. Nothing in this Protective Order nor any failure by a party to challenge the

designation by any other party of any documents, material or information designated as CONFIDENTIAL shall be construed as an admission or agreement that any specific document, material or information is or is not confidential or proprietary, or is or is not otherwise subject to discovery or admissible in evidence.

16. At the conclusion of this litigation, every person who has received documents, material or information pursuant to this Order for use in this litigation shall return all such confidential documents, together with any and all copies thereof, to the attorneys for the requesting party. Said attorneys shall retain, in their own custody and control (and subject to the terms of this Order) any and all copies returned to it by persons who received the copies for use in this litigation. Upon request stated in writing by the disclosing party, the attorneys for the requesting party shall advise the disclosing; party as to whether all copies of confidential documents have been returned by those persons who utilized those confidential documents in this case. As an alternative to retaining copies returned to them pursuant to this paragraph, the attorneys for the requesting party may completely destroy such copies of confidential documents, provided, however, that they shall maintain a record of all copies destroyed by them pursuant to this paragraph.

17. The inadvertent or unintentional disclosure by a disclosing person of discovery material considered by that person to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL in conformance

with Paragraph 2 hereof as soon as reasonably possible after the disclosing person becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL by all receiving persons absent redesignation pursuant to Paragraph I1 herein.

18.    Nothing in this Protective Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted *in camera.*

19.    In rendering services or otherwise communicating with his or her client, counsel shall not disclose the specific content of any CONFIDENTIAL material, documents or information where such disclosure would not otherwise be permitted under the terms of this Order.  Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action, and in the course thereof, from relying upon CONFIDENTIAL discovery material or information.

20.    All parties in this case and their respective counsel shall be able to utilize all discovery in order to protect themselves from. any claims related to their respective participation in this case. Counsel for any party to this Action shall notify counsel for the disclosing person if the need arises to use CONFIDENTIAL information of the disclosing person. The offering party or their counsel must either obtain a stipulation from the disclosing person or move before the Court to use CONFIDENTIAL information.  The provisions of this Protective Order, insofar as they restrict: the disclosure and use of discovery material designated CONFIDENTIAL or information derived therefrom, shall continue to tie binding following the conclusion of this Action, unless written permission to

the contrary its obtained fro the disclosing person or the Court otherwise orders.

21. The terms and provisions of this Protective Order shall be binding on the parties and their counsel as of the date on which the last party signs ("Effective Date"). This Protective Order shall not create any private causes of action and the parties shall seek a ruling from this Court in the event a dispute arises regarding this Order prior to its entry. Any violation of the terms and provisions of this Protective Order which may occur between the Effective Date and the date of the Court's signature shall be subject to sanctions and penalties as if the Protective Order had been signed and entered by this Court. Once it is signed by the Court, it will not be deemed a contract or agreement between the parties; but instead will be deemed an order of the Court which can be amended or altered at any time by the Court for good cause. Nothing in this Protective Order, or any actions taken pursuant hereto, shall be deemed to have the effect of a waiver or admission by any party. Nothing here (a) shall be construed as a waiver by a party or person of the right to object to the subject matter of any discovery request; (b) shall be construed as an agreement by any party or person to produce document, supply information or permit entry upon land under Federal Rule of Civil Procedure 26; (c) shall constitute an admission that any evidence exists or that evidence which may exist is relevant in any way to the issues; (d) shall be construed as a waiver of any privilege; (e) shall be construed as a waiver of a later challenge to the propriety of a designation; (f) shall constitute an admission that any particular designated information contains or reflects trade secrets or any other type of confidential information; (g) shall prevent the parties fr°m agreeing to alter or waive the provisions or protections provided for herein with respect to any particular information or document; or (h) shall prevent a party in any

10142983 v1

11

way from seeking a determination by the Court that particular material must be produced. Nothing in this Protective Order shall limit the right of a party to seek further, additional, or other limitations on information disclosed in pre-trial proceedings which the Court could otherwise order for good cause shown, nor shall anything in this Protective Order limit the right of any party to seek an order from the Court authorizing disclosure of any discovery material to any of its employees, employees of its affiliates, or consultants.

22.   This Court has continuing jurisdiction over the enforcement, interpretation and modification of this Protective Order.  This continuing jurisdiction shall extend beyond the conclusion of the Action.  The confidentiality obligations imposed by this Protective Order shall survive any such conclusion unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

AND IT IS SO ORDERED, this 7th day of September, 2005.

                                               **s/   Hugh Lawson**
The Honorable Hugh Lawson
Judge, United States District Court
Middle District of Georgia,
Valdosta Division

**CONSENTED TO BY:**

/s/ *William P. Langdale, III*
_____
William P. Langdale, III, Esquire
Georgia Bar No. 435910
Langdale & Vallotton, LLP
1007 North Patterson Street
P.O. Box 1547
Valdosta, GA 31603
Phone: (229) 244-5400
Fax:  (229) 244-0453

[ Signatures Continued on Next Page ]

/s/ *Kevin P. Smith*

_____
Kevin P. Smith, Esquire
Daniel Hogan, Esquire
Law Offices of Robert A. Stutman, P.C.
501 Office Center Drive, Suite 300
Ft. Washington, PA 19034
Phone: (215) 283-1177
Fax:  (215) 283-1188
Admitted Pro Hac Vice



/s/ *Warner S. Fox*

_____
Warner S. Fox, Esquire
Georgia Bar No. 272654
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243
Phone: (404) 614-7400
Fax:  (404) 614-7500


I certified that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.