# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

NATIONAL FIRE INSURANCE : <br>
COMPANY OF HARTFORD a/s/o, : <br>
SOUTH GEORGIA PECAN CO., INC., : <br>
              : <br>
    **Plaintiff,**           :     **Civil Action No.** <br>
              :     **7:05-CV-31 (HL)** <br>
    **v.**             : <br>
              : <br>
**THE GENLYTE GROUP, INC., and** : <br>
**GENLYTE THOMAS GROUP, LLC.,** : <br>
              : <br>
    **Defendants.** <br>

## ORDER

Before the Court is Plaintiff's Motion to Compel (Doc.12), in which Plaintiff asks the Court to compel Defendants to fully respond to Plaintiff's Interrogatory No.17 and produce documents in accordance with Plaintiff's Requests for Production of Documents Nos. 2 and 9. For reasons explained herein, Plaintiff's Motion is granted in part and denied in part. Specifically, Defendants are ordered, to the extent they have not already done so, to identify and produce documents related to all complaints, received within the last six years, in which it is alleged that a Stonco metal halide light fixture caused or contributed to the cause of a fire.

## I. FACTS

This case involves claims arising out of a fire that was allegedly caused by a defective metal halide light fixture. The fixture in question was designed, manufactured, and sold by a company called Stonco Lighting. Plaintiff, the insurer of the building that was damaged by the fire, sued the parent companies of Stonco Lighting alleging negligence and breach of warranty

claims. Defendants, The Genlyte Group, Inc./Genlyte Thomas Group, LLC.,[1] own a number of independent entities, five of which manufacture metal halide light fixtures. Stonco Light is but one of those entities. According to Genlyte Thomas Group executives, each entity operates within its own profit/loss equation and has its own design and marketing staffs. The separate companies even compete with each other in the market place.

To facilitate discovery, Plaintiff submitted Interrogatories and Requests for Production of Documents to Defendants, and Defendants responded. Defendants raised multiple objections and refused to fully respond to Plaintiff's Interrogatory No. 17 or Plaintiff's Requests for Documents Nos. 2 and 9. Interrogatory No. 17 asked Defendants to identify all complaints that alleged that a metal halide light fixture sold by any of Defendants' subsidiaries caused or contributed to the cause of a fire. Request No. 2 asked Defendants to provide all correspondence regarding those complaints. Further, Request No. 9 asked Defendants' to provide all correspondence sent to or received by Underwriters' Laboratories, which concerned the changes to standards applicable to metal halide fixtures.

After attempting to resolve the discovery dispute, Plaintiff filed this Motion to Compel. In response, Defendants argue that Plaintiff's Interrogatory No. 14 and Request No. 2 are not limited in time nor limited to the specific manufacturer of the fixture at issue. Further, with respect to the dispute arising out of Request No. 9, Defendants notified the Court that the parties have resolved their dispute as Underwriter's Laboratory has provided both parties with the

---

[1]Genlyte Group, Inc. is the sole owner of Genlyte Thomas Group, LLC.

requested documents.

## II. ANALYSIS[2]

The scope of discovery is limited by Rule 26 of the Federal Rules of Civil Procedure. According to Rule 26, discoverable evidence is any evidence, "not privileged, that is relevant to the claim of defense of any party." Fed. R. Civ. P. 26 (b)(1).  Rule 26 also provides that discovery is further limited if

> (1) "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Fed. R. Civ. P. 26 (b)(2). Thus, the Court must first determine whether the requested evidence is relevant and then make a determination as to whether the requested discovery is overly burdensome.

### A. Stonco Fixtures

Although it appears that the parties agree that all complaints filed which allege that a Stonco metal halide light fixture caused or contributed to cause a fire is relevant discovery, Plaintiff's motion, asking the Court to compel Defendants to fully answer Interrogatory No. 14

---

[2]As the parties' dispute regarding Request No. 9 has been resolved, the Court will only address the disputes regarding Interrogatory No.14 and Request No. 2. Further, as the disputes regarding Interrogatory No. 14 and Request No. 2 are virtually identical, the Court will not address each separately.

and Request No. 2, necessarily includes complaints regarding Stonco fixtures. Further, it appears that Defendants have already provided Plaintiff with an unknown number of complaints in its possession. Defendants also state that their records in regard to complaints received about Stonco fixtures only date back six years. Accordingly, the Court orders Defendants, to the extent they have not already done so, to provide Plaintiff with all documents related to all complaints, received within the last six years, in which it is alleged that a Stonoco metal halide light fixture caused or contributed to the cause of a fire.

B. Non-Stonco Fixtures

Plaintiff acknowledges that the fixture allegedly involved in the fire was a Stonco fixture, and that the overwhelming majority of the documentation requested does not involve Stonco fixtures. Plaintiff argues, however, that Defendants' knowledge of complaints alleging fires caused by all of its subsidiaries' metal halide fixtures is relevant to show Defendants' knowledge of a defect within Stonco's fixtures. Defendants respond arguing that as the issue in this case is confined to whether the Stonco fixture that was involved in the fire was defectively designed or manufactured, evidence regarding defects in other metal halide fixtures is irrelevant. Defendants further argue that they should not be obligated to produce information regarding the other independent entities under their corporate umbrella, which have separate design, engineering, and manufacturing facilities and are actually in competition with Stonco. Defendants also reiterate that they do not have a central repository of complaints made to or against the independent entities. Thus, any complaints uncovered, which identify defects in the various fixtures, would not establish Defendants' knowledge of the defects.

4

As the crux of this case is whether the Stonco metal halide fixture had a defect and caused the fire in question, evidence tending to show a defect in a non-Stonco metal halide fixture is irrelevant.[3] Further, because Defendants have established that they are essentially a company that is comprised of numerous independently running businesses and that there is not a central database which combines complaints filed against all subsidiaries, Plaintiff's proposed discovery would not establish Defendants' knowledge of any defects in the various fixtures.

Even if the evidence Plaintiff wishes the Court to compel Defendants to provide was relevant to the case, the burden and expense of the proposed discovery would far outweigh any benefit that may result. The records requested are physically located  within each independent companies' headquarters, and numerous individuals in each company would be required to testify about the records requested. Further, although document reviews are part of every litigation, the number of separate document reviews involved here, in addition to the number of employees in each company that will be affected by this discovery request, further illustrates the burden Plaintiff's request will place on Defendants.

## III. CONCLUSION

For the reasons addressed above, Plaintiff's Motion to Compel is granted in part and

---

[3]Plaintiff suggests the requested discovery is relevant to show Defendants knew of prior similar accidents, yet Plaintiff fails to address the similarity between the fixtures of the other companies. The fact that specific fixtures are manufactured independently by companies which happen to be owned by the same corporate group, is not enough to establish that defects in the various fixtures are substantially similar to defects in Stonco fixtures. See Stovall v. Daimler Chrysler Motors Corporation, 270 Ga. App. 791, 792-93, 608 S.E.2d 245, 247 (2004) ("And '[t]he showing of substantial similarity must include a showing of similarity as to causation.' Without such showing, the evidence is irrelevant as a matter of law.").

denied in part. Defendants are ordered, to the extent they have not already done so, to identify and produce documents related to all complaints, received within the last six years, in which it is alleged that a Stonco metal halide light fixture caused or contributed to the cause of a fire.

**SO ORDERED**, this the 5th day of December, 2005.


**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs