IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD a/s/o SOUTH GEORGIA PECAN CO., INC., :<br><br>    **Plaintiff,**<br><br>v.<br><br>THE GENLYE GROUP, and GENLYTE THOMAS GROUP, LLC.,<br><br>    **Defendants.** | Civil Action No.<br>7:05-CV-31 (HL) |

## ORDER

Before the Court is Defendants' Motion for Leave to Add Philips Electronics North America Corporation as Third Party Defendant (Doc. 28) and Defendants' Motion for Extension of Time to Complete Discovery (Doc. 33). For the reasons explained herein, Defendants' Motion for Leave to Add Philips Electronics North America Corporation as Third Party Defendant is granted and Defendants' Motion for Extension of Time to Complete Discovery is moot.

### A. MOTION FOR LEAVE TO ADD THIRD PARTY DEFENDANT

This lawsuit arises out of a fire that caused damage to a warehouse and the contents thereof. The fire was allegedly caused by a defective metal halide lighting fixture. Defendants assert that they recently discovered that Plaintiff's theory of causation directly implicated the manufacturer of the metal halide lamp that was installed in the metal halide lighting fixture at the time of the fire.

Defendants assert that in Plaintiff's recently filed expert disclosure reports, that Plaintiff's experts contend that the fire was caused by a catastrophic end-of-life failure of the metal halide lamp when hot shards of the lamp fell onto the acrylic lens of the lighting fixture and caused the lens to ignite. Defendants assert, according to Plaintiff's causation theory, that a defect in the lamp either caused or contributed to the cause of the fire. Accordingly, Defendants seek the Court's permission to file a third party complaint against the manufacturer of the lamp that was installed in the fixture at the time of the fire, Philips Electronics North America Corporation. Defendants seek to file both a contractual and common law indemnity claims.

      Federal Rule of Civil Procedure 14 states that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." Rule 14 requires a party to obtain leave of court if the party wishes to file a third party complaint later than 10 days after serving the original answer. "The trial court has wide discretion in determining whether to permit such third-party procedure to be resorted to." Southern Ry. Co., v. Fox, 339 F.2d 560, 563 (5th Cir. 1964).[1] As it is undisputed that more than 10 days have passed since Defendants served their original answer, Defendants must obtain leave of court to file the proposed third party complaint.

      Plaintiff argues Defendants should not be granted leave to file the proposed third party complaint as (1) Defendants deliberately delayed in filing the request; (2) the filing of the third party

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

complaint will necessitate undue delay and cost; and (3) Defendants' claims are futile. First, Plaintiff argues that Defendants have been aware that the lamp, which was installed in the fixture at the time of the fire, was manufactured by Philips Electronics. Plaintiff further argues that Defendants have known, since at least August 9, 2005, that Plaintiff contended that a catastrophic end-of-life failure caused hot shards of glass to melt the acrylic lens on the fixture.

Second, Plaintiff argues that the addition of another party at this late date will essentially necessitate an entirely new discovery period. Plaintiff notes that this additional discovery will result in undue delay and unfair costs. Third, Plaintiff asserts that Defendants' claims against Philips Electronics are futile. Plaintiff argues that as it is commonly expected in the industry that metal halide lamps will experience the type of catastrophic end of life failure alleged in this case, the acrylic lens on the fixture manufactured by Defendants should have been able to withstand the lamp's failure.

In response, Defendants assert that they moved to file a third party complaint against Philips Electronics four days after Defendants' experts were allowed by Plaintiff to view the remaining physical artifacts of the lamp and fixture at issue. Defendants also assert that they attempted to have Plaintiff add Philips as a defendant in the case by consent; however Plaintiff resisted. Defendants further argue that their claims against Philips are no more futile than Plaintiff's claim. Defendants assert that according to Plaintiff's theory of the case, either the end-of-life failure from the lamp manufactured by Philips or the burning of the acrylic lens of the fixture caused the fire. Thus, either a defect in the lamp or a defect in the fixture is responsible for the fire.

Although it is clear that there was at least a small delay between the time Defendants knew Philips Electronics should be joined as a party and the time Defendants actually requested leave to do

so, in light of the arguments asserted by both parties, the Court cannot conclude that the delay was deliberate. Further, the addition of Philips Electronics as a party will no doubt cause some delay and additional cost; however, the delay and costs associated with a separate lawsuit, in which Philips Electronics would be a party, would be far greater. Finally, at this stage in the proceedings the Court cannot find that Defendants' proposed claims against Philips Electronic are futile. An proposed claim is futile if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore Et Al., Moore's Federal Practice § 15.15[3] (3d ed. 1997). Here, Plaintiff is essentially arguing that Defendant could not withstand a Motion for Summary Judgment. Such review is not appropriate here. As Defendants' proposed claims are not futile on their face, the Court cannot find that the claims are futile.

In conclusion, the Court determines that Defendants' proposed claims against Philips Electronics are necessary to the resolution of this lawsuit. The addition of Philips Electronics will not unfairly prejudice Plaintiff, cause undue delay, or further an obviously futile claim. Accordingly, Defendants are granted leave to file a third party complaint against Philips Electronics.

**B. MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

As the Court has granted Defendants' Motion for Leave to Add Philips Electronics North America Corporation as Third Party Defendant, Defendants' Motion for Extension of Time to Complete Discovery is moot. The parties are directed to confer and develop a proposed amended discovery plan with Philips Electronics, in accordance with the Federal Rules of Civil Procedure and

the Court's Order filed in this case on April 18, 2005. The discovery plan shall be submitted to the Court no later than thirty (30) days after Philips Electronics has filed its answer in this case.

**SO ORDERED**, this the 14th day of March, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs